Jason S. Brookner
Texas Bar No. 24033684
Andrew K. York
Texas Bar No. 24051554
Drake M. Rayshell
Texas Bar No. 24118507
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
         dyork@grayreed.com
         drayshell@grayreed.com

**ATTORNEYS FOR PATRICK DAUGHERTY**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | |
| SCOTT BYRON ELLINGTON, | |
| Plaintiff, | Adv. No. 22-03003-sgj |
| | *Removed from the 101st Judicial District* |
| | *Court of Dallas County, Texas* |
| v. | *Cause No. DC-22-00304* |
| PATRICK DAUGHERTY, | |
| Defendant. | |

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## DEFENDANT PATRICK DAUGHERTY'S ORIGINAL ANSWER

Patrick Daugherty ("Defendant"), by and through his undersigned counsel, hereby files this Original Answer to *Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction.* (the "State Court Petition") [Adv. Dkt. No. 1, App'x at Exhibit 1], filed by Scott Byron Ellington ("Plaintiff"), and respectfully shows as follows:

### DALLAS COUNTY LR 1.08 DISCLOSURE

No response is required to these allegations because they contain legal argument which is no longer applicable since the State Court Petition was removed to this Court.

### I. DISCOVERY CONTROL PLAN

1. No response is required to the allegations in paragraph 1 of the State Court Petition because it contains legal argument and concerns state court procedural rules that are not applicable since the State Court Petition was removed to this Court. To the extent a response may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

### II. PARTIES & SERVICE

2. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 of the State Court Petition, which concern Plaintiff's residency status.

3. Defendant admits the allegations contained in paragraph 3 of the State Court Petition.

### III. RULE 47(C) DISCLOSURE

4. No response is required to the allegations in paragraph 4 of the State Court Petition because it contains legal argument and concerns state court procedural rules that are not applicable since the State Court Petition was removed to this Court. To the extent a response may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

### IV. JURISDICTION AND VENUE

5.      No response is required to the allegations in paragraph 5 of the State Court Petition because they contain legal argument. To the extent a response is required, Defendant denies that he committed any torts, in whole or in part, in Texas.

6.      No response is required to the allegations in paragraph 6 of the State Court Petition because they contain legal argument. To the extent a response is required, Defendant admits that he resides in Dallas County. Defendant denies the remaining allegations in paragraph 6.

### V. FACTS

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 and therefore denies the same.

8.      Defendant admits that he previously worked for Highland Capital Management ("Highland").

9.      Defendant admits that Highland sued Defendant in 2012. Defendant admits that he filed counterclaims against Highland and sued its affiliate, Highland Employee Retention Assets, LLC ("HERA"), and three of Highland's executives. Defendant further admits that the jury in that suit found that HERA breached its implied duty of good faith and fair dealing and awarded Defendant $2,600,000.00 in damages plus interest that continues to accrue on the unpaid judgment. The jury also found that Highland and James Dondero defamed Defendant with malice. Defendant admits that the jury found that Defendant breached his employment agreement and fiduciary duties. Defendant also admits the jury awarded Highland $0 in damages, $2,800,000.00 in attorney's fees and that Highland obtained injunctive relief; however, these awards against Defendant are to be vacated pursuant to the terms of Defendant's settlement with Highland (the Reorganized Debtor) that were disclosed in the Northern District of Texas Bankruptcy Court on

December 8, 2021 (the "Proposed Settlement"). Defendant denies any remaining allegations in paragraph 9, and Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

10. Defendant admits that he is involved in litigation in Delaware related to Highland and Highland-related individuals or entities, including Plaintiff. Defendant further admits that he filed suit in 2019 in the Delaware Chancery Court against Plaintiff and others. Defendant also admits that Plaintiff has twice attempted to dismiss that matter and the Delaware court has taken no action. In fact, on or about November 29, 2021, Plaintiff's Delaware counsel misrepresented to the Delaware court that he represented HERA, and further misrepresented that Defendant was releasing his claims against Plaintiff as part of the Proposed Settlement. Not only was this statement false, but the Proposed Settlement had not even been publicly revealed in the bankruptcy court. Under the Proposed Settlement, Defendant has expressly retained his claims against several parties in the Delaware litigation, including Plaintiff. Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11 of the State Court Petition.

12. Defendant denies the allegations contained in paragraph 12 of the State Court Petition.

13. Defendant denies the allegations contained in paragraph 13 of the State Court Petition.

14. Defendant denies the allegations in the first sentence of paragraph 14. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 14 of the State Court Petition and therefore denies the same.

15.     Defendant denies the allegations contained in paragraph 15 of the State Court Petition.

16.     Defendant denies the allegations contained in paragraph 16 of the State Court Petition.

17.     Defendant denies the allegations in the first clause of sentence one in paragraph 17 of the State Court Petition.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 17 of the State Court Petition and therefore denies the same.

18.     Defendant admits that Ellington filed a false police report against Defendant, however, Defendant learned of the police report only after the State Court Petition was filed against Defendant.  Furthermore, Defendant denies the allegations contained within that police report.

## VI.     CAUSES OF ACTION

### A.     Count One: Stalking

19.     No response is required from Defendant to paragraph 19 of the State Court Petition because it is a statement incorporating prior paragraphs, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.  Defendant also incorporates his responses to the prior paragraphs.

20.     No response is required from Defendant to paragraph 20 of the State Court Petition because it contains legal argument.  To the extent a response may be required, Defendant denies the allegations contained in paragraph 20 of the State Court Petition.

21.     No response is required from Defendant to paragraph 21 of the State Court Petition because it contains legal argument.  To the extent a response may be required, Defendant denies the allegations contained in paragraph 21 of the State Court Petition.

22.    No response is required from Defendant to paragraph 22 of the State Court Petition because it contains legal argument.  To the extent a response may be required, Defendant denies the allegations contained in paragraph 22 of the State Court Petition.

23.    Defendant denies the allegations in sentence one of paragraph 23 of the State Court Petition.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in sentence two of paragraph 23 of the State Court Petition and therefore denies the same. Defendant denies the allegations in sentences three, four and five of paragraph 23 of the State Court Petition.

24.    Defendant denies the allegations contained in paragraph 24 of the State Court Petition.

**B.    Count Two: Invasion of Privacy by Intrusion**

25.    No response is required from Defendant to paragraph 25 of the State Court Petition because it is a statement incorporating prior paragraphs, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.  Defendant also incorporates his responses to the prior paragraphs.

26.    No response is required from Defendant to paragraph 26 of the State Court Petition because it contains legal argument.  To the extent a response may be required, Defendant denies the allegations contained in paragraph 26 of the State Court Petition.

27.    Defendant denies the allegations contained in sentence one of paragraph 27 of the State Court Petition.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 27 of the State Court Petition and therefore denies the same.

28.    Defendant denies the allegations contained in paragraph 28 of the State Court Petition.

## VII.    APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

### A.    Elements for Injunctive Relief.

29.    No response is required from Defendant to paragraph 29 of the State Court Petition because it is a statement incorporating prior paragraphs, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition. Defendant also incorporates his responses to the prior paragraphs.

30.    Defendant denies the allegations contained in paragraph 30 of the State Court Petition.

31.    Defendant denies the allegations contained in paragraph 31 of the State Court Petition.

32.    Defendant denies the allegations contained in paragraph 32 of the State Court Petition.

  a.  Defendant denies the allegations contained in paragraph 32, subpart "a," of the State Court Petition.

  b.  Defendant denies the allegations contained in sentence one of paragraph 32, subpart "b," of the State Court Petition. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 32, subpart "b," of the State Court Petition and therefore denies the same.

  c.  No response is required from Defendant to paragraph 32, subpart "c," because it contains legal argument. To the extent a response is required, Defendant denies the allegations contained in paragraph 32, subpart "c," of the State Court Petition.

**B.**     **Bond.**

33.     The allegations in paragraph 33 do not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the State Court Petition.

**C.**     **Remedy.**

34.     Defendant denies the allegations in paragraph 34 of the State Court Petition.

35.     No response is required from Defendant to paragraph 35 of the State Court Petition, but to the extent one is required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

    a.     No response is required from Defendant to paragraph 35, subpart "a," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

    b.     No response is required from Defendant to paragraph 35, subpart "b," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

    c.     No response is required from Defendant to paragraph 35, subpart "c," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

    d.     No response is required from Defendant to paragraph 35, subpart "d," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

    e.     No response is required from Defendant to paragraph 35, subpart "e," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

f.  No response is required from Defendant to paragraph 35, subpart "f," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

g.  No response is required from Defendant to paragraph 35, subpart "g," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

h.  No response is required from Defendant to paragraph 35, subpart "h," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

i.  No response is required from Defendant to paragraph 35, subpart "i," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

j.  No response is required from Defendant to paragraph 35, subpart "j," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

k.  No response is required from Defendant to paragraph 35, subpart "k," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

l.  No response is required from Defendant to paragraph 35, subpart "l," of the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

## VIII. EXEMPLARY DAMAGES

36.     Defendant denies the allegations contained in paragraph 36 of the State Court Petition.

## IX. CONDITIONS PRECEDENT

37.     In response to the allegation in paragraph 37, Defendant denies that all conditions precedent to Plaintiff's suit have occurred or have been performed.

## X. RESPONSE TO PLAINTIFF'S PRAYER

38.     No response is required from Defendant to Plaintiff's prayer in the State Court Petition, but to the extent one may be required, Defendant denies Plaintiff is entitled to the relief sought in the State Court Petition.

## XI. AFFIRMATIVE DEFENSES TO PLAINTIFF'S STATE COURT PETITION

39.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove his alleged losses, damages, and/or injuries in accordance with Texas Law.

40.     Some or all of Plaintiff's claims are barred due to unclean hands.

41.     Some or all of Plaintiff's claims are barred by laches.

## XII. RESERVATION OF RIGHTS

42.     Defendant expressly reserves the right to revise, supplement, or amend his Answer to include, *inter alia*, a counterclaim for defamation against Plaintiff. Defendant received a copy of Plaintiff's false police report on January 24, 2022 (the "Report"). The Report contains a multitude of false statements that are defamatory in nature to Defendant. To maintain an action for defamation, Defendant is required to make "a timely and sufficient request for correction, clarification, or retraction." Tex. Civ. Prac. & Rem. Code § 73.055. Therefore, in compliance with Texas Civil Practice and Remedies Code, Chapter 73, Subchapter B, Defendant is in the

process of issuing a timely and sufficient request to Plaintiff for the correction, clarification, or retraction of Plaintiff's defamatory statements within the Report. *Id.* Plaintiff is then permitted thirty (30) days to respond, correct, clarify, or retract his defamatory statements before Defendant brings his claim. *Id.* at § 73.057.

43. Furthermore, Defendant reserves the right to revise, supplement, or amend his Answer to include claims or other affirmative defenses, as permitted under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, the Bankruptcy Code, and in law or equity that may exist or become available in the future based on discovery and/or further investigation in this case.

## REQUESTED RELIEF

WHEREFORE, Defendant prays that this Court enter judgment that Plaintiff take nothing on his alleged claims, that Plaintiff's claims be dismissed in their entirety and for other such further relief, both specific and general, at law and equity, to which Defendant may be entitled.

Respectfully submitted on February 4, 2022

**GRAY REED**

By: /s/ *Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Andrew K. York
    Texas Bar No. 24051554
    Drake M. Rayshell
    Texas Bar No. 24118507
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:    jbrookner@grayreed.com
          dyork@grayreed.com
          drayshell@grayreed.com

**ATTORNEYS FOR PATRICK DAUGHERTY**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 4th day of February, 2022, he caused a true and correct copy of the foregoing pleading to be served via the Court's electronic case filing system (ECF) on all parties to this proceeding who have so-subscribed.

/s/ *Jason S. Brookner*
Jason S. Brookner