Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
**ROSS & SMITH, PC**
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@judithwross.com
   eric.soderlund@judithwross.com

*Co-Counsel for Scott Ellington*

Michelle Hartmann
State Bar No. 24032402
**BAKER & McKENZIE LLP**
1900 North Pearl, Suite 1500
Dallas, TX 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (admitted *pro hac vice*)
Frank Grese (admitted *pro hac vice*)
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, NY  10018
Tel: 212-626-4100
Fax: 212 310-1600
Email:  debra.dandeneau@bakermckenzie.com
   frank.grese@bakermckenzie.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>   Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| SCOTT BYRON ELLINGTON,<br><br>   Petitioner,<br><br>v.<br><br>PATRICK DAUGHERTY,<br><br>   Respondent. | Adv. Pro. No. 22-03003-sgj<br>*Removed from the 101st Judicial District Court of Dallas County, Texas Cause No. DC-22-0304* |

## SCOTT ELLINGTON'S REPLY IN SUPPORT OF MOTION TO ABSTAIN AND TO REMAND

Scott Ellington ("***Ellington***") hereby files this Reply (the "***Reply***") in Support of the Motion to Abstain and to Remand (the "***Motion***") [Adv. Proc. Dkt. 3], and respectfully states as follows:

1

## I.     PRELIMINARY STATEMENT[1]

1.     Daugherty's *Brief in Support of Response to Scott Ellington's Motion to Abstain and to Remand*, [Adv. Proc. Dkt. 15] ("***Daugherty's Response***") does nothing to rebut the valid reasons for mandatory abstention here. Far from it, more than half of the Daugherty Response is devoted to casting untrue aspersions at Ellington and reciting allegations in unrelated matters. Not a single factually similar case is provided for the Court's review, with all case authority being offered for general principles of law.

2.     The only substantive argument made in the Daugherty Response concerning the State Court Action being a core matter is that Ellington's limited objection to the Daugherty Settlement should serve as a basis to transform the State Court Action into a "core" proceeding for which this Court should exercise its jurisdiction. The argument is of no moment because (a) the State Court Action can be adjudicated independently without impact on the administration of the estate, and (b) the Court already fully adjudicated the Daugherty Settlement without impact on the entirely unrelated state court claims, finding that Ellington did not have standing to object to the Daugherty Settlement. Because Daugherty's only real argument for jurisdiction rests on his perceived connection between Ellington's stalking claims and the already adjudicated Daugherty Settlement, the argument is moot and Daugherty has effectively conceded the mandatory abstention point.

3.     Even in the event the Court finds that abstention is permissive (which it should not), this Court should also abstain from adjudicating the state law claims, because all of the factors identified in *In re Senior Care Ctrs.* support permissive abstention and remand in this case. Daugherty's Response on the permissive abstention point, again, relies almost exclusively on

---

[1] Capitalized terms used but not otherwise defined in this Preliminary Statement shall have the meaning ascribed to them in the Motion.

Ellington's limited objection to the Daugherty Settlement, which, as stated above, has been resolved without involvement of this Court in the State Court Action.

## II. ARGUMENT

**A. The State Court Action does not implicate the Daugherty Settlement; even if it did, the Daugherty Settlement is resolved and its relevance is moot.**

4. Daugherty takes the position that "*Ellington is using the State Court Action in an attempt to alter the Proposed Settlement between Daugherty and Highland ...*" Daugherty's Response ¶ 40. By its reference, Daugherty is referring to the Daugherty Settlement between HCMLP and Daugherty for which the Reorganized Debtor sought approval by this Court and Ellington filed a limited objection against in the Bankruptcy Case. Dkt. 3088; *see also* Dkt. 3242.[2] But, on March 8, 2022, this Court entered an Order approving the Daugherty Settlement. Dkt. 3298. The Court also found that Ellington "does not have standing to object to the Motion," and that even if he did, the Reorganized Debtor satisfied its burden that the settlement terms were "fair, reasonable, and in the best interests of the Debtor." *Id.* The Court fully resolved the Daugherty Settlement, and did so without resolution of any issue raised in the State Court Action. Additionally, the State Court Action does not even mention the Daugherty Settlement. The omission in the State Court Action of any mention of the Daugherty Settlement is not surprising, as the Daugherty Settlement has no bearing on the merits of Ellington's stalking and invasion of privacy claims.

**B. This Court must abstain from hearing Ellington's non-Core State Court Action which can be timely adjudicated by the State Court.**

5. Federal abstention is mandatory under 28 U.S.C. § 1334(c)(2) where "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) **the claim is a**

---

[2] Unless otherwise stated herein, docket number identifications refer to Case No. 19-34054-sgj11 (the "***Bankruptcy Case***").

3

**non-core proceeding**," *i.e.*, it is related to a case under title 11; "(3) an action has been commenced in state court; and (4) **the action could be adjudicated timely in state court**." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007). The first and third factors exist here and are not challenged by Daugherty's Response.

      **i.   The catch-all language of section 157 must be construed narrowly and cannot support the characterization of the State Court Action as "core."**

6.     Daugherty's Response advances two arguments as to why the State Court Action should be considered "core": (1) the State Court Action involves claims brought against a creditor of HCMLP, Daugherty, and (2) the Daugherty Settlement affects the administration of the bankruptcy estate and the adjustment of the debtor-creditor relationship. Both arguments, if accepted, would expand impermissibly the definition of a core proceeding.

7.     The fact that an individual has a dispute with a creditor of a debtor does not give rise to a "core" proceeding under 28 USC § 157(2)(A) and (O), as Daugherty alleges, because "it is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction." *See Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1023 (5th Cir. 1999); *see also Dynamic Tools, Inc. v. Atlas Copco Tools & Assembly Sys., LLC (In re Rapid-Torc, Inc.)*, No. H-15-377, 2016 U.S. Dist. LEXIS 136582, at *20 (S.D. Tex. 2016) ("A financial impact on [a creditor] is not an impact on [the Debtor] or on its bankruptcy estate.")

8.     And, as stated above, the Daugherty Settlement has been approved without adjudication of any of the issues raised in the State Court Action. The State Court Action claims for stalking, invasion of privacy, and injunctive relief, all arise under state law, were asserted in the State Court and could have proceeded in the State Court had the matter not been removed, and do not invoke any substantive rights in bankruptcy. As such, it is non-core. "Numerous courts have noted the necessity of defining core proceedings narrowly ..." *See Wood v. Wood (In re Wood)*,

825 F.2d 90, 95 n.25 (5th Cir. 1987). In so doing, the Fifth Circuit "warns against a broad interpretation of § 157(b)(2)(O) and prefers to deem a proceeding as core under the more specific examples rather than fitting a particular proceeding into the catch-all language of subsections (b)(2)(A) and (b)(2)(O)." *See In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 844 (Bankr. S.D. Tex. 2006). The broad interpretation of § 157 advanced by Daugherty is repeatedly rejected in the Fifth Circuit because "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act." *In re Wood*, 825 F.2d 90 at 95. This Court should follow Fifth Circuit precedent, narrowly construe § 157(b)(2)(A) and (O), and reject Daugherty's attempt to characterize the State Court Action as "core," because to do otherwise would be contrary to the purpose of the statutory scheme.[3]

        **ii. The State Court's timely adjudication of the TRO satisfies the low threshold to demonstrate timely adjudication, and in turn, mandatory abstention.**

9.    In the Motion, Ellington has already satisfied his burden to demonstrate that the State Court would timely adjudicate the State Court Action. "The party moving for mandatory abstention need not show that the action can be *more timely* adjudicated in state court, but only that the matter can be timely adjudicated in state court." *J.T. Thorpe Co. v. Am. Motorists*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016, at *12 (S.D. Tex. 2003) (emphasis in original) (finding mandatory abstention appropriate when "the state court had entered several of the necessary orders to keep a case moving forward ... and there is no evidence that it will continue in anything other than a timely fashion."). The State Court Action was filed on January 11, 2022. Adv. Proc. Dkt. 1-1 at 5. The State Court entered the TRO on January 12, 2022 and scheduled the Application for

---

[3] This court has no jurisdiction under 28 U.S.C. § 1334, but, for purposes of triggering mandatory abstention, the court need only conclude that it has nothing more than "related to" jurisdiction.

5

Temporary Injunction for hearing on January 26, 2022. *Id.* at 58 (State Court ordered "that Plaintiff's Application for Temporary Injunction be heard on Jan. 26th at 9:30 AM. Defendant is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendant.") Had Daugherty not removed the action prior to the January 26 hearing date, the State Court would have timely heard Ellington's application.

10. Daugherty attempts to demonstrate that the State Court faces a backlog of cases as a result of COVID-19 by focusing entirely on jury trials, which, of course, were stalled during the pandemic. The State Court Action is not jury-trial ready, and none of the metrics presented by Daugherty relate to non-jury trial administration of the State Court's docket. Besides, "[w]hile the issues presented by Defendant can slow litigation, it is difficult to see how removal to federal court would alter the discovery timeline or the COVID-19-related trial backlogs experienced by state and federal courts across the country." *See L.C. v. Roman Catholic Diocese of Brownsville*, Civ. No. 1:21-cv-025, 2021 U.S. Dist. LEXIS 103438, at *8 (S.D. Tex. 2021) (finding the standard for timely adjudication "a relatively low hurdle" and granting abstention and remand even when the state court faced COVID-19 backlogs).[4] There is no evidence to suggest that the State Court would not continue its timely adjudication of this matter, as it did with the TRO, if this case were remanded.

11. Because each of the requirements for mandatory abstention exist in this case, the Bankruptcy Court *must* abstain. *See Lain v. Watt* (*In re Dune Energy, Inc.*), 575 B.R. 716, 726 (Bankr. W.D. Tex. 2017).

---

[4] Daugherty's Response recognizes that the Dallas COVID-19 risk level as of February 21, 2022 was reduced from red to orange. Thus, any complaint about timely adjudication due to a "red" threat level is moot. The risk level was reduced further to yellow on March 17, 2022. https://www.fox4news.com/news/dallas-county-lowers-covid-19-risk-level-again-to-yellow.

C.  **In the alternative, none of Daugherty's arguments tip the scale against permissive abstention or remand because all of the factors weigh in favor of abstention.**

12. Daugherty, in addressing each of the 14 factors considered in determining whether to abstain or equitably remand, repeatedly refers to the Daugherty Settlement as the primary basis against permissive abstention. At the risk of belaboring the point, the State Court Action is independent of the administration of the bankruptcy and has no impact on the already resolved Daugherty Settlement.

13. Daugherty attempts to use the Daugherty Settlement to contravene *half* of the 14 permissive abstention factors. *See* Daugherty's Response ¶ 53(a-b), (e-g), (j), and (m), including allegations that "*Ellington brought the State Court Action merely to gain a tactical advantage in front of this Court*" and that "*this suit is intended to directly affect the administration of Highland's bankruptcy estate*." This Court should reject the Daugherty Settlement as a basis for hearing the Removed Action, and in doing so, tip 7 factors in favor of abstention. Daugherty also concedes two additional factors as neutral (*Id.* ¶ 53(k) and (l)), and another as not applicable "because all claims are state law claims." (*Id.* at ¶ 53(h)) This means that, once the Court rejects the Daugherty Settlement as a basis for abstention, at least 10 of the 14 factors weigh in favor or, per Daugherty, are neutral towards abstention. Daugherty's improper focus on the Daugherty Settlement in analyzing each of the factors fails to shift the balance against abstention. Instead, and as addressed factor-by-factor in the Motion, all of the factors in the *Senior Care Ctrs.* analysis favor abstention.

14. Once this Court finds that the State Court Action is not core, it should immediately abstain and remand this case. Even if this Court had doubts concerning remand, it should favor remand. *In re Senior Care Ctrs., LLC*, 611 B.R. at 800 ("doubts concerning removal must be resolved against removal and in favor of remanding"). Nothing on the face of the State Court Action implicates the jurisdiction of the Bankruptcy Court, and Daugherty fails to articulate a

compelling reason this Court should adjudicate issues prime for mandatory, or at the least permissive, abstention.

15. For the reasons set forth above and in Ellington's Motion, the Court should abstain from hearing the Removed Action entirely and immediately remand the Removed Action to the State Court. *See* 28 U.S.C. § 1452(b).

Dated:  March 25, 2022 By: */s/ Frances A. Smith*
Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
**ROSS & SMITH, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@judithwross.com
eric.soderlund@judithwross.com

Michelle Hartmann
State Bar No. 24032402
BAKER & MCKENZIE LLP
1900 North Pearl, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-3000
Facsimile: 214-978-3099
Email: michelle.hartmann@bakermckenzie.com

Debra A. Dandeneau (admitted *pro hac vice*)
Frank Grese (admitted *pro hac vice*)
**BAKER & MCKENZIE LLP**
452 Fifth Ave
New York, NY 10018
Telephone: 212-626-4875
Email: debra.dandeneau@bakermckenzie.com
Email: frank.grese@bakermckenzie.com
(*Admitted pro hac vice*)

*Co-Counsel for Scott Ellington*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of March 2022, a true and correct copy of the above and foregoing document was served on all known counsel via email as set forth below and by the Court's ECF filing system on those parties who have registered for receipt of electronic notice in this case.

*/s/ Frances A. Smith*
Frances A. Smith

Drew K. York <dyork@grayreed.com>, Counsel for Patrick Daugherty;

Drake Rayshell <drayshell@grayreed.com>, Counsel for Patrick Daugherty;

Ruth Ann Daniels <rdaniels@grayreed.com>; Counsel for Patrick Daugherty;

John Morris jmorris@pszjlaw.com, Counsel for the Debtor;

Jeffrey N. Pomerantz jpomerantz@pszjlaw.com, Counsel for the Debtor;

Jason S. Brookner jbrookner@grayreed.com, Counsel for Patrick Daugherty.