EXHIBIT
SE-4

481 C

C0190

CAUSE NO. 12-04005

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| PATRICK DAUGHERTY, | § § § | |
| Defendant and Counter-Plaintiff, | § § | DALLAS COUNTY, TEXAS |
| v. | § § | |
| SIERRA VERDE, LLC, HIGHLAND EMPLOYEE RETENTION ASSETS LLC, JAMES DONDERO, PATRICK BOYCE, AND WILLIAM L. BRITAIN, | § § § § § | |
| Third-Party Defendants. | § § | 68th JUDICIAL DISTRICT |

**FINAL JUDGMENT**

On January 14, 2014, this case was called to trial. Plaintiff/Counter-Defendant Highland Capital Management, L.P. ("Highland"), and Third-Party Defendants Sierra Verde, LLC and James Dondero ("Dondero") appeared themselves and/or through their attorneys of record and announced ready for trial. Defendant/Counter-Plaintiff/Third-Party Plaintiff Patrick Daugherty ("Daugherty") appeared himself and through his attorneys of record and announced ready for trial. Highland Employee Retention Assets LLC ("HERA"), Patrick Boyce, and William L. Britain appeared themselves and/or through their attorneys of record and announced ready for trial.

After a jury was impaneled and sworn, it heard evidence and arguments of counsel. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit 1 hereto and incorporated by reference.

FINAL JUDGMENT - Page 1
DAL:894638.4

The Court renders this Final Judgment under the jury verdict and the evidence heard at trial, as well as having considered any and all post-verdict motions and briefing submitted to the Court and arguments of counsel.

The Court, after considering the jury's findings regarding Daugherty's breaches of contract and breaches of fiduciary duty owed to Highland, and after hearing evidence and considering the nature of the harm suffered by Highland as a result, finds and concludes that Highland is entitled to relief hereinafter given.

It is therefore further ORDERED that Daugherty be and hereby is commanded to cease and desist from retaining, using, disclosing, publishing or disseminating Highland's (or its affiliates') confidential, proprietary, and/or privileged information, including but not limited to information concerning Highland's customers, clients, marketing, business and operational methods, contracts, financial data, technical data, e-mail, pricing, management methods, finances, strategies, systems, research, plans, reports, recommendations and conclusions, tear sheets, industry comparative analysis, Collateralized Loan Obligation (CLO) and other structured products, and names, arrangements with, or other information relating to Highland's (or its affiliates') customers, clients, suppliers, financiers, owners, and business prospects. Notwithstanding the foregoing, Daugherty may use or disclose the information described in this paragraph only as (i) required by law; or (ii) directed and authorized in writing by Highland.

The Court further ORDERS that Highland have and recover from Daugherty $2,800,000 for reasonable and necessary attorneys' fees rendered through trial.

It is further ORDERED that the total amount of the judgment here rendered for Highland against Daugherty will bear interest at the rate of 5% per annum from the date this judgment is signed until paid.

Furthermore, the Court, after considering the jury's findings regarding HERA's breach of the implied covenant of good faith and fair dealing, finds and concludes that Daugherty is entitled to relief hereinafter given.

It is therefore further ORDERED that Daugherty have and recover $2,600,000 from HERA, ~~representing the full value of Daugherty's interest in HERA as determined by the jury.~~

~~It is further ORDERED that Daugherty shall no longer have any ownership or other interest in HERA or any proceeds or accounts arising from Daugherty's prior interest in HERA that were not distributed to Daugherty prior to the entry of this judgment, Daugherty having been awarded the full value of that interest in HERA as determined by the jury.~~

It is further ORDERED that total amount of the actual damages rendered against HERA herein will bear prejudgment interest at the rate of 5% simple interest from May 22, 2012, until the day before this judgment is signed.

It is further ORDERED that the total amount of the judgment here rendered against HERA will bear interest at the rate of 5% per annum, compounded annually, from the date this judgment is signed until paid.

Furthermore, the Court, after considering the jury's findings regarding the claims for breach of fiduciary duty asserted against Patrick Boyce and William L. Britain by Third-PartyCounter -Plaintiff Patrick Daugherty, suing individually and/or suing derivatively on behalf of Highland Employee Retention Assets LLC, finds that Boyce and Britain are entitled to a take-nothing judgment as to all claims asserted against them.

It is therefore further ORDERED that Third-Party Counter-Plaintiff Patrick Daugherty, suing individually and/or derivatively on behalf of Highland Employee Retention Assets LLC,

shall take nothing on the claims for breach of fiduciary duty against Patrick Boyce and William L. Britain.

This judgment disposes of all claims asserted against Patrick Boyce and William L. Britain in the above-captioned cause. All other relief that Daugherty seeks pertaining to Boyce and Britain not expressly granted in this judgment is denied.

It is further ORDERED that all Parties shall bear their own respective costs of Court.

All writs and processes for the enforcement and collection of the judgment may issue as necessary.

All relief requested and not expressly granted is denied. This judgment disposes of all parties and claims and is appealable.

SIGNED on _____July 14_____, 2014.

_____
The Honorable Martin Hoffman

**FINAL JUDGMENT - Page 5**
DAL:894638.4

10  70