# EXHIBIT PD-2

# ESCROW AGREEMENT

THIS ESCROW AGREEMENT is entered into December 13, 2013, by and between Highland Capital Management, L.P. ("Depositor"), and Abrams & Bayliss, LLP, as escrow agent (the "Escrow Agent").

**WHEREAS**, from time to time, pursuant to certain transactions, Depositor receives and holds certain funds; and

**WHEREAS**, Depositor is desirous of appointing the Escrow Agent as its agent to hold these funds subject to the terms and conditions set forth herein;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. **Appointment.** Depositor hereby appoints Escrow Agent as its escrow agent for the purposes set forth herein, and Escrow Agent hereby accepts such appointment under the terms and conditions set forth herein.

2. **Deposit Assets.** Depositor agrees to deposit with Escrow Agent the assets as set forth in Schedule 1 (the "Deposit Assets"). Escrow Agent shall hold the Deposit Assets as set forth in this Escrow Agreement. Escrow Agent shall not have any liability for any loss sustained as a result of any increase or decrease of value of any Deposit Assets or for the failure of an Authorized Representative of Depositor to give Escrow Agent instructions regarding any Deposit Asset. All interest or other income earned under this Agreement shall be accumulated and become part of the Deposit Assets. Depositor hereby represents to Escrow Agent that Depositor shall file all necessary tax documentation in relation to the Deposit Assets and no other tax reporting of any kind is required given the underlying transaction giving rise to this Agreement.

3. **Disposition and Termination.**

(a) The Escrow Agent shall deliver the Deposit Assets upon, and pursuant to, the written instructions of Depositor in compliance with Section 3(b). Any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of the Deposit Assets, must be in writing or set forth in a Portable Document Format ("PDF"), executed by Depositor as evidenced by the signatures of the person or persons signing this Agreement or one of its designated persons as set forth in Schedule 2 (each an "Authorized Representative"), and delivered to Escrow Agent only by confirmed facsimile or attached to an email on a Business Day only at the fax number or email address set forth in Section 8 below. No instruction for or related to the transfer or distribution of the Deposit Assets shall be deemed delivered and effective unless Escrow Agent actually shall have received it on a Business Day by facsimile or as a PDF attached to an email only at the fax number or email address set forth in Section 8 and as evidenced by a confirmed transmittal to Depositor's transmitting fax number or email address and Escrow Agent has been able to satisfy any applicable security procedures as may be required hereunder. Escrow Agent shall not be liable to Depositor or other person for refraining from acting upon any instruction for or related to the transfer or distribution of the Deposit Assets if delivered to any other fax number or email address, including but not limited to a valid email address of any employee of Escrow Agent. Depositor acknowledges that Escrow Agent is authorized to use the following funds transfer instructions to disburse any Deposit Assets due to Depositor, respectively, without a verifying call-back, as set forth in Section 3(b) below:

Depositor: Bank name:    Compass Bank
                           Account Name: Highland Capital Management, L.P. (Master Operating Account)
                           Routing# 113010547
                           Account# 0025876342

{A&B-00276659-2}  1

PLAINTIFFS 0799691

0005

(b) Escrow Agent shall only transfer Deposit Assets under the following circumstances:

      i. In the event Escrow Agent is provided a final, non-appealable judgment against Highland Employee Retention Assets, LLC ("HERA") by Patrick Daugherty, his successors, or assigns ("Daugherty") in the case *Highland Capital Management, L.P. and Cornerstone Healthcare Group Holding, Inc. v. Patrick Daugherty v. Sierra Verde, LLC, et al.*, Cause No. 12-04005 in the 68th Judicial District of Dallas County, Texas ("Daugherty Action"), Escrow Agent shall, within 10 Business Days, transfer to HERA Deposit Assets equivalent to the amount of such judgment, or if the judgment against HERA exceeds the amount of Deposit Assets, Escrow Agent shall transfer to HERA all Deposit Assets, including accumulated income, held by Escrow Agent.

      ii. In the event Escrow Agent is provided a final, non-appealable order dismissing Daugherty's claims against HERA in the Daugherty Action, Escrow Agent shall, within 10 Business Days, transfer all Deposit Assets, including accumulated income, to Depositor.

All transfers made in this Section 3(b) shall be made subject to Sections 6 and 7 herein.

(c) As used in this Section 3, "Business Day" shall mean any day other than a Saturday, Sunday or any Federal holiday. Upon delivery of the Deposit Assets by Escrow Agent, this Agreement shall terminate, subject to the provisions of Sections 6 and 7 herein.

4. **Escrow Agent.** Escrow Agent shall have only those duties as are specifically and expressly provided herein, which shall be deemed purely ministerial in nature. No other duties shall be implied, and under no circumstances shall the Escrow Agent be deemed a fiduciary of Depositor for the purposes of this Agreement. Escrow Agent has no knowledge of, nor any requirement to comply with, the terms and conditions of any other agreement, instrument or document other than this Agreement. Escrow Agent may conclusively rely upon any written notice, document, instruction or request delivered by Depositor believed by it to be genuine and to have been signed by an Authorized Representative without inquiry and without requiring substantiating evidence of any kind. Escrow Agent shall not be liable for any action taken, suffered or omitted to be taken by it pursuant to, or in relation to this Agreement, except for willful misconduct causing direct loss to Depositor. Escrow Agent may execute any of its powers and perform any of its duties hereunder directly or through affiliates or agents. Escrow Agent shall have no duty to confirm or verify the accuracy or correctness of any amounts deposited with it hereunder. Anything in this Agreement to the contrary notwithstanding, in no event shall Escrow Agent be liable for special, incidental, punitive, indirect or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

5. **Resignation; Succession.** Escrow Agent may resign and be discharged from its duties or obligations hereunder by giving ten (10) days advance written notice specifying a date when such resignation shall take effect. Escrow Agent shall deliver the Deposit Assets to any appointed successor escrow agent, or to the Depositor, at which time Escrow Agent's obligations under this Agreement shall cease and terminate. Any entity into which Escrow Agent may be merged or converted or with which it may be consolidated, or any entity to which all or substantially all the escrow business may be transferred, shall be the Escrow Agent under this Agreement without further act.

6. **Compensation.** Depositor agrees to pay Escrow Agent upon execution of this Agreement and from time to time thereafter reasonable compensation for the services to be rendered hereunder as agreed by Escrow Agent and Depositor.

7. **Indemnification and Reimbursement.** Depositor agrees to indemnify, defend, hold harmless, pay or reimburse Escrow Agent and its affiliates and their respective successors, assigns, directors, partners, agents and employees (the "Indemnitees") from and against any and all losses, damages, claims, liabilities, penalties, judgments, settlements, litigation, investigations, costs or expenses (including, without limitation, attorney's fees, expert fees and expenses and out-of-pocket expenses) (collectively "Losses"), arising out of or in connection with (a) Escrow Agent's performance of this Agreement, except to the extent that such Losses are determined by a court of competent jurisdiction through a final, non-appealable order to have been caused by the willful misconduct of

such Indemnitee; and (b) Escrow Agent's following any instructions or directions from Depositor received in accordance with this Agreement. Depositor shall pay all expenses (including attorney's fees) incurred by such Indemnitee as they are incurred in advance of the dispute's final disposition. The foregoing indemnification includes, but is not limited to, disputes between Depositor and Escrow Agent arising out of or in connection with this Agreement. Depositor hereby grants Escrow Agent a lien on, right of set-off against and security interest in the Deposit Assets for the payment of any claim for indemnification, fees, expenses and amounts due to Escrow Agent or an Indemnitee. In furtherance of the foregoing, Escrow Agent is expressly authorized and directed, but shall not be obligated, to charge against and withdraw from the Deposit Assets for its own account or for the account of an Indemnitee any amounts due to Escrow Agent or to an Indemnitee under Section 6 or 7. The obligations set forth in this Section 7 shall survive the resignation, replacement or removal of Escrow Agent or the termination of this Agreement.

8. **Notices.** All communications hereunder shall be in writing or set forth in a PDF attached to an email, and all instructions from Depositor to the Escrow Agent shall be executed by an Authorized Representative, and shall be delivered in accordance with the terms of this Agreement by facsimile, email or overnight courier only to the appropriate fax number, email address, or notice address set forth for each party as follows:

| | |
|---|---|
| If to Depositor: | Highland Capital Management, L.P.<br>300 Crescent Court, Suite 700<br>Dallas, Texas, 75201<br>Attention: General Counsel<br>Tel No.: (972) 628-4100<br>Fax No.: (972) 628-4147<br>Email: sellington@hcmlp.com |
| If to Escrow Agent: | Abrams & Bayliss, LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, Delaware 19807<br>Attention: Jean Chaney<br>Tel No.: (302) 388-2457<br>Fax No.: (302) 261-0293<br>Email: chaney@AbramsBayliss.com |

9. **Compliance with Court Orders.** Escrow Agent shall provide Depositor with prompt written notice in the event that any of the Deposit Assets shall be attached, garnished, levied upon, or otherwise be subject to any court order, or the delivery thereof shall be stayed or enjoined by an order of a court. Escrow Agent hereby is expressly authorized, in its sole discretion, to obey and comply with all such orders so entered or issued, which it is advised by legal counsel of its own choosing is binding upon it, whether with or without jurisdiction, and in the event that Escrow Agent obeys or complies with any such order it shall not be liable to Depositor hereto or to any other person by reason of such compliance notwithstanding such order be subsequently reversed, modified, annulled, set aside or vacated.

10. **Miscellaneous.** The provisions of this Agreement may be waived, altered, amended or supplemented only by a writing signed by the Escrow Agent and Depositor. Neither this Agreement nor any right or interest hereunder may be assigned by Depositor without the prior consent of Escrow Agent. This Agreement shall be governed by and construed under the laws of the State Delaware. Depositor and Escrow Agent irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law and consents to the exclusive jurisdiction of the courts located in the State of Delaware. To the extent that in any jurisdiction either Party may now or hereafter be entitled to claim for itself or its assets, immunity from suit, execution, attachment (before or after judgment) or other legal process, such Party shall not claim, and hereby irrevocably waives, such immunity. Escrow Agent and Depositor further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement. No party to this Agreement is liable to any other party for losses due to, or if it is unable to

perform its obligations under the terms of this Agreement because of, acts of God, fire, war, terrorism, floods, strikes, electrical outages, equipment or transmission failure, or other causes reasonably beyond its control. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument or instruction, as applicable. All signatures of the parties to this Agreement may be transmitted by facsimile, and such facsimile will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party. If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction. Depositor represents warrants and covenants that each document, notice, instruction or request provided by Depositor to Escrow Agent shall comply with applicable laws and regulations. Except as expressly provided in Section 7 above, nothing in this Agreement, whether express or implied, shall be construed to give to any person or entity other than Escrow Agent and Depositor any legal or equitable right, remedy, interest or claim under or in respect of the Deposit Assets or this Agreement. The parties agree that irreparable harm would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. It is accordingly agreed that the parties shall be entitled to an injunction or injunctions to prevent breaches of this Agreement and to enforce specifically the terms and provisions of this Agreement, this being in addition to any other remedy to which they are entitled at law or in equity. This Agreement sets forth all matters pertinent to the escrow contemplated hereunder, and no additional obligations of the Escrow Agent shall be inferred from the terms of this Agreement or any other agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective on the date set forth above:

**HIGHLAND CAPITAL MANAGEMENT, L.P.**
As Depositor

By: _____
Name: James Dondero
Title: President of Strand Advisors, Inc., as general partner


**ABRAMS & BAYLISS, LLP**
As Escrow Agent

By: _____
Name: Kevin G. Abrams
Title: Managing Partner


{A&B-00276659-2}                                        4

PLAINTIFFS 0799694

0008

## SCHEDULE 1

The following shall be the Deposit Assets:

| Asset | Amount |
|---|---|
| Cash (USD) | $ 1,210,502.03 |
| Highland Restoration Capital Partners, L.P. limited partner interest (USD as of 9/30/2013) | $ 1,820,050.49 |
| Cash equivalent of NexPoint Credit Strategies Deposit Assets (such amount to be updated at the end of each calendar month) | 1088.42 shares |

{A&B-00276659-2}  5

## SCHEDULE 2

### Telephone Numbers and Authorized Signatures for
### Person(s) Designated to Give Joint Instructions and Confirm Deposit Assets Transfer Instructions

For Depositor:

| | Name | Telephone Number | Signature |
|---|---|---|---|
| 1. | Scott Ellington | (972) 419-2584 | [signature] |

All instructions, including but not limited to funds transfer instructions, whether transmitted by facsimile or set forth in a PDF attached to an email, must include the signature of the Authorized Representative authorizing said funds transfer on behalf of each Party.

{A&B-00276659-2}                     6

PLAINTIFFS 0799696

0010