# EXHIBIT PD-6

FILED
DALLAS COUNTY
12/8/2016 9:52:12 AM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

DC-16-15669

**CAUSE NO. _____**

| | | |
|---|---|---|
| **HIGHLAND CAPITAL** § | | **IN THE DISTRICT COURT OF** |
| **MANAGEMENT, L.P.** § | | |
| § | | |
| **Plaintiff/Garnishor** § | | |
| § | | |
| v. § | | **DALLAS COUNTY, TEXAS** |
| § | | |
| **HIGHLAND EMPLOYEE** § | | |
| **RETENTION ASSETS, LLC** § | | |
| § | | |
| **Garnishee.** § | | **68th JUDICIAL DISTRICT** |

### PLAINTIFF HIGHLAND CAPITAL MANAGEMENT, L.P.'S
### APPLICATION FOR WRIT OF GARNISHMENT

Pursuant to Texas Rule of Civil Procedure 658 and Texas Civil Practice and Remedies Code § 63.001 *et seq.*, Plaintiff Highland Capital Management, L.P. ("Highland" or "Garnishor") applies to this Court for an order directing issuance of a writ of garnishment against Garnishee Highland Employee Retention Assets, LLC ("HERA" or "Garnishee"), and would respectfully show the Court as follows:

### I. PARTIES

1. Garnishor Highland Capital Management, L.P. is a Delaware limited partnership with its principal place of business located at 300 Crescent Ct #700, Dallas, TX 75201. It can be served through its counsel of record in this matter.

2. Defendant Patrick Daugherty ("Mr. Daugherty" or "Judgment-Debtor"), is an individual residing in Texas who can be served at his home address of 3621 Cornell Avenue, Dallas, Texas 75205 pursuant to Texas Rule of Civil Procedure 663a.

3.  Garnishee Highland Employee Retention Assets, LLC is a Delaware limited liability company and may be served with process through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II. BACKGROUND

4.  On July 14, 2014, Highland obtained a personal judgment against Mr. Daugherty in Cause No. DC-12-04005, *Highland Capital Management, L.P., et. al v. Patrick Daugherty*, in the 68th Judicial District Court in Dallas County, Texas (the "Final Judgment"). A copy of the Final Judgment is attached as **Exhibit A** and incorporated by reference. The Final Judgment awards Highland, as the judgment creditor, recovery of $2,800,000 plus post-judgment interest at the rate of 5% per annum, which through the filing of this application amounts to a total of approximately $3,129,095.89. The amount to be garnished should include all interest incurred through the date the Final Judgment is satisfied.

5.  The Final Judgment is in all things final, valid, and subsisting, and it is wholly unsatisfied. All appeals have concluded and the Dallas Court of Appeals has issued its mandate to the trial court.

## III. REQUEST FOR WRIT OF GARNISHMENT

6.  Highland requests the issuance of a Writ of Garnishment based on the Final Judgment.

7.  Highland has reason to believe that Garnishee is indebted to Judgment-Debtor. Indeed, Garnishee is itself a judgment debtor to Mr. Daugherty under the Final Judgment in the amount of $2.6 million plus prejudgment and post-judgment interest. A copy of the Final Judgment is attached as **Exhibit A** and incorporated by reference evidencing the debt that HERA owes to Mr. Daugherty.

8. Highland seeks to garnish all monies, sums, or debts which Garnishee may owe to Judgment-Debtor, up to and including the amount of the Final Judgment, plus interest, and any attorneys' fees said garnishment may require.

9. Within Highland's knowledge, Mr. Daugherty does not have property within this State subject to execution which is sufficient to satisfy the above-described Judgment.

10. The Garnishment is not sought to injure Mr. Daugherty or Garnishee, but rather to allow Highland to collect on Mr. Daugherty's debt under the Final Judgment.

11. This application is supported by the affidavit of Scott Ellington, a person having knowledge of the relevant facts. Mr. Ellington's affidavit is attached as **Exhibit B** and incorporated by reference.

### IV.     PRAYER

12. WHEREFORE, Highland requests that the Writ of Garnishment be issued, and that Highland have judgment against Garnishee to satisfy the Final Judgment as provided by law, together with all costs of court, and such other relief to which Highland may be justly entitled.

Respectfully submitted,

*/s/ Marc D. Katz*
Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel A. Crosby
State Bar No. 24050266
isabelcrosby@andrewskurth.com
**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Case 22-03003-sgj Doc 26-1 Filed 02/23/22 Entered 02/23/22 16:51:45 Page 5 of 15

# EXHIBIT A

CAUSE NO. 12-04005

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br> Plaintiffs, <br><br> v. <br><br> PATRICK DAUGHERTY, <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> SIERRA VERDE, LLC, HIGHLAND EMPLOYEE RETENTION ASSETS LLC, JAMES DONDERO, PATRICK BOYCE, AND WILLIAM L. BRITAIN, <br><br> Third-Party Defendants. | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br><br> DALLAS COUNTY, TEXAS <br><br><br><br> 68th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On January 14, 2014, this case was called to trial. Plaintiff/Counter-Defendant Highland Capital Management, L.P. ("Highland"), and Third-Party Defendants Sierra Verde, LLC and James Dondero ("Dondero") appeared themselves and/or through their attorneys of record and announced ready for trial. Defendant/Counter-Plaintiff/Third-Party Plaintiff Patrick Daugherty ("Daugherty") appeared himself and through his attorneys of record and announced ready for trial. Highland Employee Retention Assets LLC ("HERA"), Patrick Boyce, and William L. Britain appeared themselves and/or through their attorneys of record and announced ready for trial.

After a jury was impaneled and sworn, it heard evidence and arguments of counsel. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit 1 hereto and incorporated by reference.

FINAL JUDGMENT - Page 1
DAL:894638.4

The Court renders this Final Judgment under the jury verdict and the evidence heard at trial, as well as having considered any and all post-verdict motions and briefing submitted to the Court and arguments of counsel.

The Court, after considering the jury's findings regarding Daugherty's breaches of contract and breaches of fiduciary duty owed to Highland, and after hearing evidence and considering the nature of the harm suffered by Highland as a result, finds and concludes that Highland is entitled to relief hereinafter given.

It is therefore further ORDERED that Daugherty be and hereby is commanded to cease and desist from retaining, using, disclosing, publishing or disseminating Highland's (or its affiliates') confidential, proprietary, and/or privileged information, including but not limited to information concerning Highland's customers, clients, marketing, business and operational methods, contracts, financial data, technical data, e-mail, pricing, management methods, finances, strategies, systems, research, plans, reports, recommendations and conclusions, tear sheets, industry comparative analysis, Collateralized Loan Obligation (CLO) and other structured products, and names, arrangements with, or other information relating to Highland's (or its affiliates') customers, clients, suppliers, financiers, owners, and business prospects. Notwithstanding the foregoing, Daugherty may use or disclose the information described in this paragraph only as (i) required by law; or (ii) directed and authorized in writing by Highland.

The Court further ORDERS that Highland have and recover from Daugherty $2,800,000 for reasonable and necessary attorneys' fees rendered through trial.

It is further ORDERED that the total amount of the judgment here rendered for Highland against Daugherty will bear interest at the rate of 5% per annum from the date this judgment is signed until paid.

**FINAL JUDGMENT - Page 2**
DAL:894638.4

0096

Furthermore, the Court, after considering the jury's findings regarding HERA's breach of the implied covenant of good faith and fair dealing, finds and concludes that Daugherty is entitled to relief hereinafter given.

It is therefore further ORDERED that Daugherty have and recover $2,600,000 from HERA, ~~representing the full value of Daugherty's interest in HERA as determined by the jury.~~

It is further ORDERED that Daugherty shall no longer have any ownership or other interest in HERA or any proceeds or accounts arising from Daugherty's prior interest in HERA that were not distributed to Daugherty prior to the entry of this judgment, Daugherty having been awarded the full value of that interest in HERA as determined by the jury. [struck through]

It is further ORDERED that total amount of the actual damages rendered against HERA herein will bear prejudgment interest at the rate of 5% simple interest from May 22, 2012, until the day before this judgment is signed.

It is further ORDERED that the total amount of the judgment here rendered against HERA will bear interest at the rate of 5% per annum, compounded annually, from the date this judgment is signed until paid.

Furthermore, the Court, after considering the jury's findings regarding the claims for breach of fiduciary duty asserted against Patrick Boyce and William L. Britain by Third-PartyCounter-Plaintiff Patrick Daugherty, suing individually and/or suing derivatively on behalf of Highland Employee Retention Assets LLC, finds that Boyce and Britain are entitled to a take-nothing judgment as to all claims asserted against them.

It is therefore further ORDERED that Third-Party Counter-Plaintiff Patrick Daugherty, suing individually and/or derivatively on behalf of Highland Employee Retention Assets LLC,

shall take nothing on the claims for breach of fiduciary duty against Patrick Boyce and William L. Britain.

This judgment disposes of all claims asserted against Patrick Boyce and William L. Britain in the above-captioned cause. All other relief that Daugherty seeks pertaining to Boyce and Britain not expressly granted in this judgment is denied.

It is further ORDERED that all Parties shall bear their own respective costs of Court.

All writs and processes for the enforcement and collection of the judgment may issue as necessary.

All relief requested and not expressly granted is denied. This judgment disposes of all parties and claims and is appealable.

**FINAL JUDGMENT - Page 4**
DAL:894638.4

0098

SIGNED on ___July 14___, 2014.

_____
The Honorable Martin Hoffman

FINAL JUDGMENT - Page 5
DAL:894638.4

# EXHIBIT B

# AFFIDAVIT OF SCOTT ELLINGTON

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

**BEFORE ME**, the undersigned authority, personally appeared Scott Ellington, who after being duly sworn, stated on his oath as follows:

1. "My name is Scott Ellington. I am over the age of twenty-one years and of sound mind. I have never been convicted of a felony or any crime of moral turpitude. I am fully competent to testify to the matters set forth in this Affidavit. All the matters contained in this Affidavit are true and correct and based upon my personal knowledge.

2. I am the General Counsel at Highland Capital Management, L.P. ("Highland"). In that capacity, I have overseen the litigation against Patrick Daugherty related to his employment at Highland. I have exercised this role for a number of years. It is through my oversight of that litigation and through my work as General Counsel at Highland that I gained personal knowledge of the facts set forth in this affidavit.

3. On July 14, 2014, Highland obtained a personal judgment against Mr. Daugherty in Case No. DC-12-04005, *Highland Capital Management. L.P., et. al v. Patrick Daugherty*, in the 68th Judicial District Court in Dallas County, Texas (the "Final Judgment"). The Final Judgment awards Highland, as the judgment creditor, recovery of $2,800,000 plus post-judgment interest at the rate of 5% per annum, which through the filing of this application amounts to $3,129,095.89.

4. In the Final Judgment, Highland Employee Retention Assets, LLC ("HERA") is itself a judgment debtor to Mr. Daugherty under the Final Judgment in the amount of

0101

$2,600,000.00 plus prejudgment and post-judgment interest. The Final Judgment is valid and subsisting.

5.  Within Highland's knowledge, Defendant Patrick Daugherty does not possess property in Texas subject to execution sufficient to satisfy the Final Judgment.

*[Remainder of page left intentionally blank.]*

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott Ellington
General Counsel
Highland Capital Management, L.P.

**SWORN TO AND SUBSCRIBED** before me on the 23rd day of November, 2016.

_____
Notary Public in and for the State of Texas

[*Seal*]

SARAH ASHLEY BELL
Notary ID # 130183004
My Commission Expires
April 8, 2019

Printed Name: Sarah Bell

My commission expires: April 8, 2019

0103