# EXHIBIT PD-11



600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19801
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4232
Email: sbrauerman@bayardlaw.com

November 29, 2021

**By E-File and Hand Delivery**
The Honorable Vice Chancellor Morgan T. Zurn
Court of Chancery of the State of Delaware
Leonard L. Williams Justice Center, Suite 11400
500 North King Street
Wilmington, DE 19899

    Re:   *Daugherty v. Dondero, et al.*, C.A. No. 2019-0956-MTZ

Dear Vice Chancellor Zurn:

    I write on behalf of Defendants James Dondero, Highland ERA Management LLC, Highland Employee Retention Assets LLC, Scott Ellington, Thomas Surgent, and Isaac Leventon (collectively, the "Highland Defendants") to join in Mr. Katz's and Hunton Andrews Kurth LLP's (collectively, the "Katz Defendants") November 19, 2021 status letter concerning the status of the Highland Capital Management L.P. ("Highland") bankruptcy proceedings pending in the United States Bankruptcy Court for the Northern District of Texas (the "Highland Bankruptcy").

    As Your Honor may recall, this matter was stayed on April 10, 2021, after the Court concluded that a February 2, 2021 settlement (the "Bankruptcy Settlement")



between Plaintiff Patrick Daugherty ("Plaintiff") and Highland could moot Plaintiffs' claims against the Defendants in this action.   (D.I. 61.)  The Plan of Reorganization entered in the Highland Bankruptcy took effect on August 11, 2021. The Highland Defendants understand that through the Bankruptcy Settlement effectuated by the now effective Plan of Reorganization, Plaintiff will receive a payment from Highland that will render this action moot.  Consequently, the Highland Defendants join in the Katz Defendants' request that the Court lift the stay, or in the alternative, schedule a status conference to discuss this action.

In the event the Court does not find that the Bankruptcy Settlement moots Plaintiffs claims, when the stay is lifted the Highland Defendants intend to seek leave to supplement their pending motion to dismiss to add defenses based upon the attorney immunity doctrine.  At the time Defendants were briefing their motions to dismiss, the attorney immunity doctrine did not apply outside of the litigation context.  Subsequent to the completion of briefing, the Texas Supreme Court has clarified that the attorney immunity doctrine applies outside of the litigation context to claims, such as Plaintiff's here, brought by a non-client against an attorney "based on conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney *and* (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same

2

interests and therefore the non-client's reliance on the attorney's conduct is not justifiable." *Haynes & Boone, LLP v. NFTD, LLC*, 2021 WL 2021453, at *10 (Tex. May 21, 2021) (emphasis in original).

Based on the foregoing, the Highland Defendants respectfully request that the Court lift the stay and dismiss the action in light of the now effective Bankruptcy Settlement, or in the alternative schedule a status conference to discuss the supplemental briefing necessary for the Court to consider and act upon Defendants' pending motions to dismiss.

Should Your Honor have any questions about this development, counsel are available at the convenience of the Court.

Respectfully,

/s/ *Stephen B. Brauerman*

Stephen B. Brauerman (No. 4952)
**Words: 452**

cc:   Thomas Uebler, Esquire (by e-File)
       Kurt Heyman, Esquire (by eFile)
       Loren Barron, Esquire (by e-File)