# EXHIBIT PD-15



**Baker & McKenzie LLP**

1900 North Pearl Street
Suite 1500
Dallas, TX 75201
United States

Tel: +1 214 978 3000
Fax: +1 214 978 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

January 31, 2022

John A. Morris
Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones
780 Third Avenue, 34th Floor
New York, NY 10017

**By email**
jmorris@pszjlaw.com
jpomerantz@pszjlaw.com

> **Re:** *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.); Partial Objection to Debtor's Proposed Settlement Agreement with Daugherty

Dear Mr. Morris,

We write on behalf of Scott Ellington (our "Client") to resolve certain limited objections to the *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* dated December 8, 2021 [Doc. 3088, the "***Motion for Entry of Settlement***"] and the proposed *Settlement Agreement* related thereto [Doc. 3089-1, the "***Settlement Agreement***"]. In reviewing the Settlement Agreement, we have serious concerns about two provisions which (1) grant Mr. Daugherty[1] a means to access the Claimant Trust Oversight Board; and (2) assign Mr. Daugherty the Debtor's interest in two entities, HERA and ERA. *See* Settlement Agreement ¶¶ 3, 8. In light of Mr. Daugherty's ongoing inappropriate conduct, including stalking and harassing our Client which formed the basis of a temporary restraining order being issued against Mr. Daugherty, these settlement terms are inappropriate, were not previously mentioned at the Confirmation Hearing, and should be removed.

As background, Mr. Daugherty has engaged in a pattern of stalking our Client and other individuals closely associated with our Client (including our Client's girlfriend, father, sister, and at least three minor children). In an attempt to curtail this illegal behavior, our Client filed a lawsuit against Mr. Daugherty in Texas state court on January 11, 2022. The state court action was removed to the Bankruptcy Court on January 18, 2022 (*see Scott Byron Ellington v. Patrick Daugherty,* Adv. Proc. No. 22-03003-sgj) and is the subject of a pending motion to abstain and remand. The state court petition (Adv. Proc. No. 22-03003-sgj, Doc. 1-1) describes in detail the various acts Mr. Daugherty has engaged in, including 143 documented incidents of following our Client to his home or business, photographing him without permission, or surreptitiously video recording him.

While we do not object to the economics of the Settlement Agreement, two specific provisions therein pose serious concerns in light of Mr. Daugherty's ongoing conduct and

---

[1] Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion for Entry of Settlement.

Baker & McKenzie LLP is a member of Baker & McKenzie International.



the facts described above, and should not be approved as part of the Settlement Agreement. We request that the Debtor revisit and voluntarily withdraw the following two provisions, neither of which were mentioned by counsel on behalf of the Debtor or Mr. Daugherty in reciting the terms of the Settlement Agreement at the February 2-3, 2021 Confirmation Hearing:

- 3. <u>Observation Access</u>: As soon as practicable following entry of an order of the Bankruptcy Court approving this Settlement, **HCMLP shall use reasonable efforts to petition the Claimant Trust Oversight Board to permit Daugherty to have access as an observer to meetings of the Claimant Trust Oversight Board**, subject to policies, procedures, and agreements applicable to other observers of the Claimant Trust Oversight Board, including policies, procedures, and agreements related to confidentiality and common interest. Whether Daugherty will be granted observer access and any continuing observer access is and will remain at the sole discretion of the Claimant Trust Oversight Board.

- 8. <u>HERA and ERA</u>: "The Parties acknowledge and agree that as of the date hereof, HERA and ERA have no material assets other than potential claims that may exist against persons or entities not released at or prior to the date hereof, and no claims against the HCMLP Released Parties. . . . To facilitate recovery of such potential claims -- which expressly excludes any and all claims by or in the name of HERA and ERA against any of the HCMLP Released Parties -- **HCMLP will transfer its interests in HERA and ERA to Daugherty** …"

Settlement Agreement ¶¶ 3, 8 (emphasis added).

The Observation Access provision of the Settlement Agreement requires the Debtor to use reasonable efforts to petition the Claimant Trust Oversight Board to permit Mr. Daugherty to have access to meetings of the Claimant Trust Oversight Board. Given the instability of Mr. Daugherty, as demonstrated by his recent actions, we have serious concerns about Mr. Daugherty having any right to such access, which could give him both sensitive insight into information he could use to further harass the targets of his illegal conduct and a platform to influence the Claimant Trust Oversight Board to take actions to further his on-going illegal conduct.[2]

Additionally, the HERA and ERA provision of the Settlement Agreement seems to serve no purpose other than to permit Mr. Daugherty to bring additional causes of action against our Client and other former employees of the Debtor. It also could expose the Debtor's estate to claims that it aided and abetted Mr. Daugherty in the commission of a crime against our Client. Specifically, the Settlement Agreement seeks to assign to Mr. Daugherty shares in Highland Employee Retention Assets LLC ("**HERA**") and Highland ERA

---

[2] Though this provision would only give Mr. Daugherty observer access at the "discretion of the Claimant Trust Oversight Board," the Debtor and the Court should not condone even discretionary access of a stalker to his victims.



Management, LLC ("**ERA**"). Those shares are of defunct entities, and have no economic value. Indeed, the Settlement Agreement acknowledges that "HERA and ERA have no material assets other than potential claims that may exist against persons or entities not released." Settlement Agreement ¶ 8. Again, given the instability of Mr. Daugherty, we have serious concerns about Mr. Daugherty stepping into the shoes of those defunct entities for the sole purpose of further harassing the targets of his illegal conduct.

Neither of these two provisions were necessary or material to the Debtor and Mr. Daugherty's mutual announcement of resolution at the Confirmation Hearing, nor do they seem material to the Settlement Agreement. Yet, they could result in improper harassment and illegal conduct at the hands of Mr. Daugherty. We therefore respectfully request that the Reorganized Debtor withdraw these two provisions of the Settlement Agreement. If you would like to discuss, please let us know and we will arrange a time for a call.

Sincerely,


Michelle Hartmann


+1 214 978-3421
Michelle.Hartmann@bakermckenzie.com

cc: Debra Dandeneau and Frank Grese
    Baker & McKenzie

   Frances Smith and Eric Soderland
   Ross & Smith, PC